```
                  DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS AND ST. JOHN

VIRGIN DIVING, LLC, and BRANDON  )
TODD,                            )
                                 )
            Plaintiffs,          )
                                 )   Civil No. 16-52
            v.                   )
                                 )
M/V ALYESKA, a 2004 Lion 46      )
Robertson and Caine motor        )
vessel, her tenders, engines,    )
tackle, equipment, apparel,      )
furnishings, freights, and       )
appurtenances, etc., in rem and  )
CHAD BLAKE in personam,          )
                                 )
            Defendants.          )
                                 )
```

**ATTORNEYS:**

**Lee Rohn, Esq.**
Lee J. Rohn & Associates
St. Croix, VI
   *For Virgin Diving, LLC, and Brandon Todd,*


**Christopher Allen Kroblin, Esq.**
Kellerhals Ferguson Kroblin PLLC
St. Thomas, VI
   *For the M/V Alyeska and Chad Blake.*

## ORDER

**GÓMEZ, J.**

Before the Court is the report and recommendation of the Magistrate Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

In December 2015, Brandon Todd ("Todd") and Chad Blake ("Blake") created Virgin Diving, LLC ("Virgin Diving"). Virgin Diving offered boating and scuba diving charters.

On June 22, 2016, Todd and Virgin Diving filed a five count complaint in this Court against the M/V Alyeska and Blake. *See* ECF No. 3:16-cv-52. Count I alleged a maritime action for possession seeking recovery of the M/V Alyeska. Count II alleged breaches of fiduciary duty. Count III alleged breaches of 13 V.I.C. § 1409. Count IV alleged a claim for conversion. Count V sought an accounting.

In the complaint, Todd[1] alleged that Blake misappropriated funds from Virgin Diving by withdrawing company funds for personal use and depositing charter proceeds into personal accounts. Todd also alleged that the M/V Alyeska was unlawfully in the possession of Blake.

Blake[2] subsequently filed several motions seeking: (1) dismissal of the complaint for lack of subject matter jurisdiction and for failure to state a claim; (2) disqualification of counsel for Todd and Virgin Diving; (3)

---

[1] All of Todd's filings are filed on his own behalf and on behalf of Virgin Diving.
[2] All of Blake's filings are filed on his own behalf and on behalf of the M/V Alyeska.

appointment of a receiver and the interlocutory sale of the M/V Alyeska; and (4) deposit into the Court's registry of any proceeds from a sale. The Magistrate Judge held several hearings, but did not grant any of Blake's motions.

On December 20, 2016, Virgin Diving and Todd voluntarily dismissed this action without prejudice.

Blake then filed a motion for attorney's fees and cost. In his motion for attorney's fees, Blake argues that he is entitled to attorney's fees: (1) as a prevailing party under Virgin Islands law; and (2) because the action was frivolous and filed in bad faith.[3] The Court referred that motion to Magistrate Judge Ruth Miller.

On February 5, 2018, the Magistrate issued a report and recommendation. In that report and recommendation, the Magistrate concluded that the defendants were not prevailing parties. The Magistrate reasoned that: (1) "it would seem inconsistent to conclude that, had the Court ruled in defendants' favor on their motion to dismiss for lack of subject matter jurisdiction, no fees should be awarded [in accordance with Third Circuit caselaw], but that in these circumstances-- where no decision on the merits was issued--fees should be

---

[3] The motion also raised various jurisdictional issues that the Court need not resolve.

granted," and (2) that, under these circumstances, the dismissal of the action should not be conditioned on an award of attorney's fees. *See* ECF No. 75, at 7-8. The Magistrate also determined that she could not "conclude that plaintiffs' claims were either frivolous or advanced in bad faith."[4] *Id.* at 9.

Blake filed timely objections to the report and recommendation. In his objections, Blake again contends that he was a prevailing party. He argues that: (1) a defendant may be a prevailing party when a plaintiff voluntarily dismisses a lawsuit; and (2) he was a prevailing party because the plaintiffs dismissed the action "to avoid the no doubt imminent adverse ruling coming down the pike." ECF No. 76, at 4-5.

## II. DISCUSSION

Litigants may make "specific written objections" to a magistrate judge's report and recommendation "[w]ithin 14 days after being served with a copy of the recommended disposition." *See* Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

---

[4] The Magistrate also recommended that the Court award $30,332.50 in the event that the Court determined that an award of attorney's fees and costs was appropriate. ECF No. , at 14.

When a party makes a timely objection, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* When no objection to a magistrate's report and recommendation is made, or such an objection is untimely, the district court reviews the report and recommendation for plain error. *See Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) ("While ... [28 U.S.C. § 636(b)(1)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *see also Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd*, 276 Fed.Appx. 125 (3d Cir. 2008)(explaining that, by failing to object to a portion of a report and recommendation, the litigant "waived its right to have this Court conduct a *de novo* review," and that in those circumstances, "the scope of [the court's] review is far more limited and is conducted under the far more deferential standard of 'plain error' ").

### III. ANALYSIS

Having considered Blakes's objections *de novo* and reviewed the unobjected-to portions of the report and recommendation for

plain error, the Court will adopt the Magistrate's report and recommendation insofar as the Magistrate recommends that the Court not issue an award of fees and costs. "[T]he majority rule [is] that defendants *can be* 'prevailing parties' when a plaintiff voluntarily dismisses his action without prejudice." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 471 (3d Cir. 2000), *as amended* (Sept. 15, 2000). That does not, however, mean that a defendant is always a prevailing party when the plaintiff voluntarily dismisses the action. To be a prevailing party, a defendant must have "prevailed over the plaintiff on" some "issue that is fundamental to the action." *See Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 625 (3d Cir. 2002). For that reason, when a case is dismissed for lack of subject-matter jurisdiction, the defendant is not a prevailing party. *Id.*

In this case, none of the defendants' motions were granted by the Court before the action was dismissed and the defendants did not otherwise prevail on any issue fundamental to the action. Under these circumstances the Court is satisfied that the defendants are not prevailing parties entitled to an award of fees and costs.[5]

---

[5] The Court also notes that Blake cites certain caselaw authorizing a court to award fees and costs when a plaintiff seeks to dismiss an action pursuant to

The premises considered, it is hereby

**ORDERED** that the report and recommendation is **ADOPTED** insofar as it recommends that the Court not issue an award of fees and costs; and it is further

**ORDERED** that the motion for attorney''s fees is **DENIED**.

S\_____
    **Curtis V. Gómez**
    **District Judge**

---

Federal Rule of Civil Procedure 41(a)(2) ("Rule 41(a)(2)"). Rule 41(a)(2) provides that:

> Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request *only by court order, on terms that the court considers proper*. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2) (emphasis).
    That rule is not applicable here. Virgin Diving and Todd dismissed this action pursuant to 41(a)(1)(i), which provides that "the plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41.